IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 09-00186 - WS |
| v. | * | |
| | * | |
| JACQUES MONSIEUR | * | |

## PLEA AGREEMENT

The defendant, **JACQUES MONSIEUR**, represented by his counsel, and the United States of America have reached a Plea Agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

    1. To be represented by an attorney;

    2. To plead not guilty;

    3. To have a trial by an impartial jury;

    4. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense;

    5. To not be compelled to incriminate himself/herself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count 1 of the Indictment, charging a violation of 18 United States Code, Section 371, Conspiracy to export merchandise from the United States.

3. The defendant understands that the statements he/she makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his/her statements here and his response to any questions that he/she may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his/her senses and mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge(s) which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge(s) beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge(s). The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his/her attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations apart from those set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court may impose. The defendant avers that he is pleading guilty because he knows that he is guilty.

## **PENALTY**

10. The maximum penalty the Court could impose as to Count 1 of the Indictment is:

    1. Imprisonment for a period of not more than 5 years;

    2. A fine not to exceed $250,000;

    3. A term of supervised release of 3 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    4. A mandatory special assessment of $100.00; and

    5. Such restitution as may be ordered by the Court.

## **SENTENCING**

11. The Court will impose the sentence in this case. The United States Sentencing Guidelines apply in an advisory manner to this case. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he/she will not be allowed to withdraw his guilty plea if the applicable guideline range is higher than expected, if the Court

departs from the applicable advisory guideline range, or if the Court imposes a sentence notwithstanding the Guidelines.

12. The United States may provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. Both the defendant and the United States are free to allocute fully at the time of sentencing.

15. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to <u>withdraw</u> any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

16. The defendant agrees to pay such restitution as may be ordered by the Court relating to the count of conviction as well as such counts as the United States intends to dismiss. The amount of restitution owed, shall be determined by the Court at the time of sentencing.

## UNITED STATES' OBLIGATIONS

17. The United States will not bring any additional charges against the defendant related

4

to the facts underlying the Information. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

18. The United States will recommend to the Court that the defendant be sentenced to the **lower end of the sentencing guideline range as determined by the Court**. In addition, the United States will not oppose the transfer of the defendant for the service of the balance of any sentence imposed under the provisions of the Convention on the Transfer of Sentenced Persons and 18 U.S.C. § 4100 et seq. However, before the United States consents to said transfer, the defendant must have completed the totality of his cooperation with the United States as determined solely by the United States as set forth below in paragraph 19, and the Belgium government must agree to the transfer.

## APPLICATION OF U.S.S.G. § 5K1.1 AND/OR FED.R.CRIM.P. 35

19. If **Defendant** agrees to cooperate with the United States, he agrees to the following terms and conditions:

   1. **Defendant** shall **fully, completely, and truthfully** respond to all questions put to him by law enforcement authorities regarding the underlying facts of the offense(s) with which he is charged, as well as the underlying facts of **any** criminal offense(s), state or federal, of which he has information or knowledge.

   2. **Defendant** acknowledges that he understands that he shall provide **truthful and complete** information regarding **any** offense about which he has knowledge or information regardless of whether or not law enforcement authorities question him specifically about any such offense. This provision


requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to **<u>any and all persons</u>** about whom **Defendant** has such knowledge or information.

3. **Defendant** agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. **Defendant** agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying **<u>completely and truthfully</u>** before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

4. If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. **Defendant** agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether or not there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

5. **Defendant** agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his

control and which are relevant to the subject matter of his cooperation. This obligation is a continuing one and includes materials that **Defendant** may acquire, obtain or have access to after the execution of this agreement.

6. **Defendant** agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities. **Defendant** also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

7. If **Defendant** provides **full, complete and truthful cooperation** to the United States, and if his cooperation results in substantial assistance to the United States in the investigation or prosecution of another person who has committed an offense, the United States Attorney's Office for the Southern District of Alabama agrees to move for a downward departure pursuant to U.S.S.G. § 5K1.1 or to file a motion pursuant to Rule 35 of the Fed.R.Crim.P. The defendant acknowledges that the determination of whether or not he has provided substantial assistance will be made solely by the United States Attorney's Office for the Southern District of Alabama. If a decision is made by the United States to move for a downward departure pursuant to § 5K1.1 or to file a Rule 35 motion, the defendant further acknowledges that the determination regarding the nature and extent of the defendant's assistance rests solely with the United States Attorney's Office for the Southern District of Alabama.

8. **Defendant acknowledges and fully understands that this plea agreement does not contain a promise by the United States to move for a § 5K1.1 downward departure or to file a Rule 35 motion.**

9. If the United States moves for a downward departure pursuant to U.S.S.G. § 5K1.1 or files a Rule 35 motion, the United States will recommend to the Court that the Court depart from the low end of the Sentencing Guideline range as determined by the Court. The defendant acknowledges that the United States can only **make a recommendation** for a downward departure to the Court. **The Court has the ultimate authority to determine whether a downward departure should be granted and the amount of any downward departure. The Court also has the ultimate authority to deny a recommendation for a downward departure.**

10. **The United States makes no representations or promises in this agreement with regard to the exact amount of reduction the United States may recommend to the Court if the United States determines that the defendant has provided substantial assistance.**

11. The United States and **Defendant** agree that any breach of this cooperation agreement by **Defendant**, including but not limited to, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him from his illegal activities or obtained by others associated with him or of which he has knowledge, refusing to take a polygraph examination, failing a polygraph examination, or refusing

to testify before the grand jury or at any judicial proceeding, would:

(1) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Indictment; and

(2) permit the United States to instigate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against **Defendant** of any information provided by **Defendant** during his breached cooperation. Such breach will constitute a waiver of any claim **Defendant** could make under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, or any statute or case law by which **Defendant** seeks to suppress the use of such information or any evidence derived from such information.

12. Nothing in this agreement shall protect **Defendant** in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should **Defendant** commit any of these offenses during his cooperation. **Defendant** acknowledges and agrees that the information and documents that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

13. The United States and **Defendant** agree that **Defendant** will continue his cooperation even after he is sentenced in the instant matter. His failure to continue his cooperation will constitute a breach of this agreement, and

**Defendant** agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment which are to be dismissed in accordance with this agreement. Under these circumstances, **Defendant** expressly waives any rights he may have under the status of limitations and the speedy trial provisions.

## LIMITED WAIVER OF RIGHT TO APPEAL SENTENCE

20. The defendant acknowledges that he/she is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

21. With the limited exceptions noted below, the defendant also waives his right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255. Any sentence so imposed includes any determination or sentence imposed in a supervised release or probation revocation proceeding.

22. The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

    a. Any punishment imposed in excess of the statutory maximum;

    b. Any punishment that constitutes an upward departure from the guideline range; or

    c. A claim of ineffective assistance of counsel.

23. In addition, the defendant reserves the right to petition the Court for resentencing

pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence.

## VIOLATION OF AGREEMENT

24. The defendant understands that if he violates any provision of this agreement, the United States will be free from any obligations imposed by this agreement and will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the 6th Amendment and/or Speedy Trial Act.

25. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his/her sentence after it is imposed.

## ENTIRETY OF AGREEMENT

26. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

EUGENE A. SEIDEL
ACTING UNITED STATES ATTORNEY

Date:_____

_____
GREGORY A. BORDENKIRCHER
Assistant United States Attorney (BORDG3301)

Date: 11-20-09

_____
MARIA E. MURPHY
Chief, Criminal Division
Assistant U.S. Attorney

I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 11-23-09

_____
JACQUES MONSIEUR, DEFENDANT

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 11/23/09

_____
ARTHUR J. MADDEN
Counsel for Jacques Monsieur, Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 09 - 00186 - WS |
| v. | * | |
| | * | |
| JACQUES MONSIEUR | * | |

### FACTUAL RESUME

The defendant, **JACQUES MONSIEUR**, admits the allegations of Count 1 of the Indictment.

### ELEMENTS OF THE OFFENSE

**MONSIEUR** understands that in order to prove a violation of Title 18, United States Code, Section 371, as charged in Count 1 of the Indictment, the United States must prove that:

<u>First</u>:   That two or more persons in some way or manner, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment;

<u>Second</u>:   That the defendant wilfully became a member of such conspiracy; and

<u>Third</u>:   That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

### OFFENSE CONDUCT

Defendant, **JACQUES MONSIEUR**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case.

1

On or about, February 2009 to on or about August 27, 2009, in the Southern District of Alabama and elsewhere.

I knowingly and willfully conspired with my co-defendant, Dara Fotouhi, to cause the export from the United States F-5 jet engines (GE) J85-21 and parts for the F-5 (EIF) jet fighter, defense articles designated on the United States Munitions List, without first having obtained from the Department of State a license for such export or written authorization for such export to the intended end user. On May 22, 2009, my co-defendant Dara Fotouhi and I met in London, England with a government agent acting in an undercover capacity and negotiated with the agent for the illegal export of J85-21 engines from the United States to Iran. On June 29, 2009, I sent an e-mail to the agent providing a purchase order of parts for the F-5 jet fighter from Trast Aero Space, a company located in Bishkak, Kyrgyzstan. On July 16, 2009 Dara Fotouhi wired approximately $110,000.00 from a bank in the UAE to a financial institution in Mobile, Alabama for the purchase of F-5 aircraft parts which were to be illegally exported.

At all relevant times, MONSIEUR acted knowingly and willfully.

AGREED TO AND SIGNED.

Respectfully submitted,

EUGENE A. SEIDEL
ACTING UNITED STATES ATTORNEY

Date: 11-23-09

GREGORY A. BORDENKIRCHER
Assistant United States Attorney
BORDG3301

2

Date: 11-20-09                          _____
                                        MARIA E. MURPHY
                                        Chief, Criminal Division
                                        Assistant U.S. Attorney

Date: 11-23-09                          _____
                                        JACQUES MONSIEUR
                                        Defendant

Date: 11/23/09                          _____
                                        ARTHUR J. MADDEN, III
                                        Counsel for Defendant