UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 09-00186-WS |
| Jacques Monsieur ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

NOW COMES the defendant Jacques Monsieur and submits the following position with respect to sentencing factors:

The USSG § 3A1.4 enhancement suggested in paragraph 22 is inapplicable. That enhancement applies only where "the offense is a felony that involved, or was intended to promote, a federal crime of terrorism..." The commentary states that "for purposes of this guideline, 'federal crime of terrorism' has the meaning given that term in 18 U.S.C. 2332b(g)(5)."

Title18 U.S.C. 2332b(g)(5) provides "[T]he term 'Federal crime of terrorism' means an offense that -- (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of [specified criminal statutes]"

Neither condition for application of the enhancement is met. As to the first condition, *United States v. Stewart* 590 F.3d 93, 137 -139 (2nd Cir. 2009) makes clear that it is the defendant's subjective purpose which is relevant.

>The conventional meaning of "calculated" is "devised with forethought." II Oxford English Dictionary 777 (2d ed.1999). Therefore, if a defendant's purpose in committing an offense is to "influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," the first requirement of section 2332b(g)(5)(A) is satisfied. If, however, there is no evidence that the defendant "sought to influence or affect the conduct of the government," the crime is not a federal crime of terrorism. See *United States v. Leahy*, 169 F.3d 433, 446 (7th Cir.1999).

Monsieur did not have as his purpose in committing the offense to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.

The second condition of the enhancement requires that the underlying crime be one of the specific offenses listed in 18 U.S.C. 2332b(g)(5) as "federal crime[s] of terrorism." The crime which was the object of the conspiracy was a violation of 22 U.S.C. §2778(b)(2), the export of defense articles without having first obtained a Department of State export license. Neither the export crime which was the object of the conspiracy nor any relevant conduct is among those specific offenses listed in 18 U.S.C. 2332b(g)(5).

Consequently the adjusted base offense level should be 26 and the total offense level should be 23, yielding a guideline sentencing range at Criminal History category I of 46 to 57 months.

    /s/    Arthur J. Madden, III  
Arthur J. Madden, III  
Madda0656  
Attorney for Defendant  
465 Dauphin Street  
Mobile, Alabama 36602  
(251) 432-0380  
ajmadden@bellsouth.net

CERTIFICATE OF SERVICE

      I hereby certify that I have on September 8, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: AUSA Gregory Bordenkircher, Esq.

                                             /s/    Arthur J. Madden, III
                                        Arthur J. Madden, III